IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIE SAM BIVINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 319-059 |
| | ) | |
| CERT. OFFICER SCOTT and CERT. OFFICER KLEMONS, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Baldwin State Prison ("BSP") in Hardwick, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983, regarding events alleged to have occurred at Johnson State Prison ("JSP") in Wrightsville, Georgia. (Doc. no. 1.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

### I.    BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it

is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II. DISCUSSION

### A. Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed as frivolous or for failure to state a claim and count as strikes: (1) Bivins v. Dereisbail, No. 13-14561 (11th Cir. Mar. 13, 2014) (dismissing appeal as frivolous); (2) Bivins v. Woods, 1:12-CV-162-WLS-TQL (M.D. Ga. Nov. 5, 2012) (dismissed for failure to state a claim); and (3) Bivins v. Concept, Inc., 7:95-CV-612 (N.D. Ala. June. 8, 1995) (dismissed as frivolous); see also Bivins v. Carswell, CV 318-086 (S.D. Ga. Feb. 14, 2019) (finding Plaintiff has three strikes under § 1915(g) and did not satisfy imminent danger exception); Bivins v. Kellogg, 1:18-CV-0148 (M.D. Ga. Dec. 10, 2018) (finding Plaintiff has three strikes under § 1915(g) but satisfied imminent danger exception). Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent

danger of serious physical injury" exception to § 1915(g).  Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B. Plaintiff Does Not Qualify for the Imminent Danger Exception

Plaintiff alleges Defendants are officers at JSP who assaulted him on May 20, 2019, and injured his lower back, left hip, left shoulder, right elbow, and the area above his right eye. (Doc. no. 1, pp. 6-14.) Plaintiff contends he meets the imminent danger exception because he is "not receiving adequate medical care for his injuries," and "the Court will error if it does not permit [Plaintiff] to proceed [IFP]." (Id. at 12.) In support of this allegation, Plaintiff alleges on May 25, 2019, five days after the assault, a prison physician, referred to as "Dr. Brown," evaluated Plaintiff and reviewed a "surgeon's medical consult." (Id. at 12.) Dr. Brown explained to Plaintiff he suffered from a degenerative back disease and resulting bone-on-bone condition and pinching of nerves that was causing the "temporary paralysis" Plaintiff experiences when he lies on his back for a prolonged period of time. (Id. at 13.) Dr. Brown expressed concern the assault could have exacerbated Plaintiff's condition and ordered an MRI. (Id.) Dr. Brown also referred Plaintiff to an orthopedic surgeon. (Id.) On July 2, 2019, Plaintiff was transferred from JSP to BSP. (Id.) Plaintiff never explains whether the MRI was ever conducted. Nor does he either describe the medical treatment received since his transfer to BSP or allege prison officials at BSP have failed to treat his condition. Plaintiff has not sued any medical official. Instead, he sued the two officers who allegedly assaulted him and seeks monetary damages. (Id. at 15.)

Plaintiff's allegations do not establish he faces an "imminent danger of serious physical injury." Mitchell, 873 F.3d at 874. As to the alleged attack by Defendants, an

3

allegation of past physical injury is insufficient to satisfy the present imminent danger exception. Medberry, 185 F.3d at 1193. Plaintiff does not allege a present or future risk of serious physical injury from Defendants, and he could not do so in good faith because of his transfer to BSP. Perhaps Plaintiff faces a present imminent danger of serious physical injury because of ongoing deliberate indifference to his serious medical needs at BSP. The Complaint provides no factual basis for such a finding, and any such claim should be brought in the Middle District of Georgia against prison officials at BSP. Mitchell, 873 F.3d at 874. Accordingly, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### C. The Complaint Should Also Be Dismissed Because Plaintiff Failed to Disclose His Prior Cases and His Acquiring Three Strikes under the PLRA

The form complaint Plaintiff used to commence this case, "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose: (1) whether they have brought other state or federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such federal lawsuits, and (3) whether any such federal suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 1-4.) Under the questions concerning whether a prisoner plaintiff has brought any lawsuits dealing with the same facts or facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 1-2.)

Plaintiff disclosed only two cases in the section concerning lawsuits brought while incarcerated and dealing with facts different than the current case. (Id. at 1-4.) However, the Court is aware of at least six other cases Plaintiff filed which he failed to disclose: (1) Bivins v. Dereisbail, No. 13-14561 (11th Cir. Mar. 13, 2014); (2) Bivins v. Sproul, 1:16-cv-00041-WLS-TQL (M.D. Ga. Mar. 3, 2016); (3) Bivins v. Sproul, 1:15-cv-00199-WLS-TQL (M.D. Ga. Dec. 28, 2015); (4) Bivins v. Sproul, 1:13-cv-00146-WLS-TQL (M.D. Ga. Sept. 9, 2013); (5) Bivins v. Woods, 1:12-CV-162-WLS-TQL (M.D. Ga. Nov. 5, 2012); (6) Bivins v. Concept, Inc., 7:95-CV-612 (N.D. Ala. June 8, 1995). As noted above, Plaintiff filed at least three prior IFP cases that were dismissed either for failure to state a claim or for abuse of the judicial process for lying about prior filing history, which amounts to three strikes under § 1915(g). Plaintiff's answers about filing other federal lawsuits in this case is also blatantly dishonest, and therefore, even if Plaintiff were permitted to proceed IFP, the case should be dismissed without prejudice as a sanction for the dishonesty.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately

disclose previous litigation); Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new

6

complaint. <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 22nd day of August, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA